## Charles Tufts *vs.* City of Charlestown.

A deed of land bounding "on a passage way two rods wide, which is to be laid out between the premises and land of A.;" the grantor "to make and maintain all the fence between the said contemplated passage way and the premises;" estops the grantor and those claiming under him to deny the existence of the passage way.

Petition for the assessment of the damages sustained by the petitioner, by the location of Ferrin Street, in Charlestown, over the passage way mentioned in a deed from Nathan Tufts, the petitioner's ancestor, to Samuel Ferrin, dated March 18th 1826, of a parcel of land on Bunker Hill Street, "bounded and measuring as follows: Beginning at the northerly corner thereof at said Bunker Hill Street, on a passage way two rods wide, which is to be laid out between the premises and land of Nathan Adams; thence southwesterly on said contemplated passage way fifteen rods and three and a half links, to land of said Nathan Tufts," &c. "with all the privileges and appurtenances thereunto belonging. The said Tufts to make and maintain all the fence between the said contemplated passage way and the premises." The deed also contained the usual covenants of warranty. The land described in this deed was connected with other land of Nathan Tufts, from which he had no other way to Bunker Hill Street, at the time of making this deed, except this passage way; but he afterwards acquired one over other land.

At the trial before the sheriff, the respondents requested him to instruct the jury that the language in this deed raised a covenant, by implication or otherwise, that there should be such a way as was described therein; and that the grantor and those in privity with him were estopped to deny that there was such way; and that it could not be shut up by them. But the sheriff declined to give this instruction, and instructed the jury that, upon the whole language of the deed, Tufts and those claiming under him were not estopped to deny the existence of such a passage way, and that it did not raise such a covenant, by implication or otherwise, and that, notwithstanding said deed,

Tufts and those claiming under him had a right to shut up the way, and to use it as they saw fit.

The verdict was for the petitioner in the sum of $2,050, and was returned by the sheriff, with a certificate of his ruling, to the court of common pleas, and by them accepted. The respondents appealed.

*J. Q. A. Griffin*, for the respondents.

*J. Dana*, for the petitioner. The words of the description in the deed only imply that a passage way was in contemplation when the deed was made, and do not estop the grantor and those claiming under him to deny its existence. *Clap* v. *M'Neil*, 4 Mass. 589. *In the matter of Mercer Street*, 4 Cow. 542. *Emerson* v. *Wiley*, 10 Pick. 310. *Tyler* v. *Hammond*, 11 Pick. 193. *Howard* v. *Rogers*, 4 Har. & Johns. 278. Any implication, which might arise from the words of the description, is controlled and limited by the covenant immediately following, that the grantor shall " make and maintain the fence between the said contemplated passage way and the premises ; " which show that the grant of " the premises " was not intended to include any right in the passage way.

MERRICK, J. The instructions which the sheriff was requested by the respondents to give to the jury, as to the proper construction and effect of the deed from Tufts to Ferrin, should have been adopted. They were material to the question in controversy between the parties. If the land taken for the public highway was subject to no incumbrance, the petitioner was entitled to recover damages to its full value; but otherwise, only to the amount of what it was worth, subject to the incumbrance. In the deed to Ferrin, the land conveyed to him is, in part, described as " beginning at Bunker Hill Street, on a passage way two rods wide, which is to be laid out between the premises and land of Nathan Adams ; thence on said contemplated passage way fifteen rods and three and a half links." When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way. It was so expressly determined in

the case of *Parker* v. *Smith*, 17 Mass. 413. This doctrine was subsequently reëxamined, and the former decision confirmed, in the case of *O'Linda* v. *Lothrop*, 21 Pick. 292. The description of the way, in the deed, as a "contemplated passage way," shows the agreement of the parties, that there should be such a passage way, as distinctly as if it had been already laid out; and has the like effect, by way of covenant and estoppel, as a description of a way already laid out. And the obligation, assumed by Tufts, to make and *maintain* the fence, necessarily imports the future and continued existence of the fence. That stipulation also shows the intention of the parties that the passage way should be fenced off from the land described; but does not in terms, nor by implication, exclude the passage way from the premises; and cannot therefore have the effect, contended for by the petitioner, of limiting the previous description, or the covenant therein implied. Ferrin therefore acquired for himself, his heirs and assigns, a perpetual easement, or right of passing and repassing over the contemplated passage way, from which they could not be excluded, and which could not be shut up against them by their grantor or those in privity of estate with him. The sheriff declined to advise the jury to this effect; but gave them instructions which were calculated to enhance the damage beyond the amount which the petitioner was justly entitled to recover. And for that reason the verdict must be set aside.

A new trial was had before the sheriff, and resulted in a verdict of $1,000 for the petitioner.