F. W. GARSTANG, Appellant, v. THE CITY OF DAVEN-PORT, Defendant; PAULINE KRUMBHOLTZ, Intervener.

Passage Way: ESTOPPEL TO DENY EXISTENCE. Where a grantor conveys land, bounding it on a way or street, he and his assigns are estopped to deny that there is such a street or way. Such words are an implied covenant that the way exists.

Adverse Possession. Where a lot is conveyed as bounding on a described, "alley to be laid out," and subsequently, the remainder of the block is deeded, the grantee in the last deed has no color of title to said alley, and his possession of it, no time for opening the alley being fixed in the first deed, is not adverse to the grantee in said first deed.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

MONDAY, FEBRUARY 5, 1894.

ACTION to enjoin the opening of an alley in the defendant city. The intervener claims the alley as appurtenant to a lot owned by her. The district court dismissed the petition of plaintiff and the answer of defendant, and gave judgment establishing intervener's right to the ally. The plaintiff appeals.—*Affirmed.*

*John H. Helmick* for appellant.

*Schmidt & Vollmer* for intervener.

GRANGER, C. J.—I. The following plat will indicate the alley in dispute:

"EXHIBIT A."

It is the part of the twenty-foot alley lying between Harris street and the school lot. It has never been opened. The part of the alley east of Harris street was established by deed, or other proceedings on the part of the city, and it adopted an ordinance to open the entire alley from Ainsworth street to the school lot, relying for its right, as to the part now in dispute, upon conveyances by one Houghton, who owned all the land east of the school lot as far as that marked on the plat, to Anna Garstang. Houghton deeded the Schultz lot, in the northeast corner, to her (Anna Garstang), and the Pauline Krumbholtz lot, in the northwest corner, to one Crowell, who deeded to Pauline Krumbholtz. In the conveyances the lot is described by metes and bounds, as follows: "A part of lot number two (2), in section number thirty-four (34), in township number seventy-eight (78) north, of range number (3) east of the fifth P. M., more particularly described as follows, to wit: Beginning at a point in the southern boundary line of Third street, in the city of Davenport, being the northwest corner of land conveyed to Richard Houghton by Theo. P. Green; thence south along said Houghton's west line one hundred and fifty (150) feet to a twenty (20) foot alley, to be laid out; thence east forty-three (43) feet; thence north one hundred and fifty (150) feet, to Third street; thence west, along Third street, forty-three (43) feet, to the place of beginning." The deed from Crowell to Pauline Krumbholtz was made October 19, 1881. Houghton conveyed the balance of the land to the plaintiff in 1887. In specifying the exceptions, from a description of all the original tract, the Krumbholz lot is described by metes and bounds, substantially as before, using the words "one hundred and fifty feet, to a twenty-foot alley, hereafter to be laid out." It is because of these words in intervener's deed from Crowell, and also the deeds to Crowell and plaintiff

from Houghton, that she claims the alley as appurtenant to her lot. We think the claim of intervener is well supported by authority. We do not think it open to serious dispute that the deed to intervener contemplated the laying out of an alley as the southern boundary of the lot. In *Parker v. Smith,* 17 Mass. 411, it is said: "The principal question in this case arises upon the construction of the deed from John Russell to Benjamin Faber, in which he conveys a piece of land in what is now the town of New Bedford, bounding it southwardly and westwardly on a way or street. By this description the grantor and his heirs are estopped from denying that there is a street or way to the extent of the land on those two sides. We consider this to be not merely a description, but an implied covenant that there are such streets." See, also, *Thomas v. Poole,* 7 Gray, 83. In *Tufts v. City of Charleston,* 2 Gray, 271, the syllabus states the rule as follows: "A deed of land bounding on a passageway two rods wide, which is to be laid out between the premises and land of A, the grantor to make and maintain all the fence between the said contemplated passageway and premises, estops the grantor, and those claiming under him, to deny the existence of the passageway." In the opinion it is said: "When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way." We think the entire current of authorities is with this view.

II. Appellant urges that intervener's claim to the alley is barred by the statute of limitations because of more than ten years' adverse occupancy. At the time of the conveyances by Houghton the land conveyed to Crowell, being the Krumbholz lot, and that afterwards conveyed to plaintiff, was inclosed, and it has continued so to be to the present time. The plaintiff, in

giving in his block or tract of land for assessment, has not excepted the twenty-foot alley therefrom, but the whole has been assessed, and taxes paid thereon. The plea of the statute of limitations is not sustained. The occupancy by Houghton after the deed in 1881, as to the alley, was not adverse. The alley was to be opened, but no time was specified. Not a single fact, as between Houghton and Crowell or Houghton and Mrs. Krumbholz is relied on to put the statute in operation. A mere neglect to perform his agreement would not have that effect, and this was all there was up to 1887, when he conveyed to the plaintiff. Plaintiff is in no better position, for at that time, in the conveyance which he took, there is, in legal effect, an exception in the grant to him of this twenty-foot alley, for his deed indicates that there has been a prior conveyance, with the alley as a boundary, which, under the authorities, made the alley-way an appurtenance to the lot. From the time of the conveyance to Crowell there has not been a fact on which to base a color of title or claim of right for the operation of the statute of limitations. The judgment is AFFIRMED.