B. Loustannau v. J. A. Robertson.

Decided March 9, 1899.

1. **Deed—Dedication—Alley—Custom.**

Where a deed of a city lot does not give its area, but refers merely to the city map, evidence of custom is admissible to show that it includes, by way of dedication for purposes of an alley, a strip of ten feet next to and across the back end of the lot.

2. **Dedication of Alley—Acceptance—Easement.**

The owners of lots abutting on a strip dedicated for an alley acquire an easement therein which does not depend on an acceptance of the dedication by the city, or the opening of the alley by an ordinance of the city council.

Appeal from Galveston. Tried below before Hon. W. H. Stewart.

*A. B. Buetell,* for appellant.

*Maco Stewart,* for appellee.

PLEASANTS, Associate Justice.—The appellee was, on February 28, 1898, the owner in fee of lot 13, in the southwest corner of block 280, in the city of Galveston; and on said day be brought this suit to enjoin the appellant, who was the owner of lot No. 14 in said block 280, from closing, and excluding the appellee from the use thereof, a strip of land lying immediately north of said lot 14, and abutting on the east on lot 13, and on the west on Forty-first Street, which strip of land, being 10x 43 feet, plaintiff claimed to be an alley. The petition, among other averments, alleged that the plaintiff on June 2, 1890, became seized in fee of lots 13 and 14 in said block 280, together with the rights and appurtenances thereunto belonging, including the right of ingress and egress

through and on said 10x43 feet north of said lot. That on March 13, 1891, plaintiff conveyed to one Howard Stapp said lot 14 in block 280; the said lot being of the same dimensions, and occupying the same relative position in said block as a lot of same number does in the regular fourteen-lot blocks lying north of Avenue M and east of Twenty-ninth Street in Galveston, according to the general map and plan of the Galveston City Company of said city now in general use, with all the rights and appurtenances thereunto belonging; and that in said sale to Stapp plaintiff expressly stipulated that a passage way of ten feet in width should be left open to the north of said lot 14 for the use of plaintiff in passing from lot 13 to Forty-first Street, and from said street to said lot. The petition further averred that he and his vendors have for more than ten years enjoyed the right of easement in said strip of land north of said lots 13 and 14, and that said strip of land is a right of way of necessity appendant to lot 13, and that defendant threatens to close said right of way and is now obstructing the same.

The defendant answered by general and special exceptions, by general denial, and pleas of statute of limitations of three, five, and ten years, and specially, that the court was without jurisdiction of the case, since the city council by law had exclusive control of the streets and alleys of the city, and the city had not opened an alley north of lots 13 and 14; and that said strip of land in question, to the north of lot 14, had been lawfully inclosed, and peaceable and adverse possession thereof held by defendant, and those under whom he claimed, for more than ten years befor the institution of plaintiff's suit.

The defendant's demurrers, general and special, were overruled, and upon the trial of the cause by the judge of the court without a jury, a decree was rendered for the plaintiff, establishing his claim of an easement in the strip of land in question, and decreeing said easement to be a right appurtenant to said lot 13, and perpetually enjoining and restraining the defendant and all claiming under him from closing said strip of land, or in anywise obstructing the use of same by the owner of lot 13 as a way of ingress and egress to and from said lot. The evidence does not establish the defendant's claim of adverse possession of the premises in question for any of the periods of time alleged in his pleadings; but on the contrary the evidence is that said strip of land north of lot 14 had been continuously used by the plaintiff as a passway between his lot and Forty-first Street up to a short time before the institution of this suit, and that, until then, his right to so use the premises had never been challenged.

Our conclusion is, that the rights of the parties litigant are dependent upon and must be determined by the legal effect of the deeds conveying lots 13 and 14 to the original vendees by the owner of that portion of block 280 which includes the lots. The defendant deraigns title to lot 14 under and through conveyance from the plaintiff, and the plaintiff acquired title to both lot 13 and 14 through mesne conveyances from Wm.

R. Johnson, who purchased the southwestern quarter of block 280 from the Galveston City Company. The evidence shows that this purchase by Johnson embraced a front on Avenue I, and extended north from that street, between parallel lines, 130 feet, this distance being just half the depth of the block. The deed from Johnson conveying lots 13 and 14 does not give the area of either; it gives neither their frontage on Avenue I, nor their depth; but they are designated as lots 13 and 14, in block No. 280. Subsequent conveyances of these lots, made by vendees of same, under their original purchase from Johnson, designate them as "lots 13 and 14, in B. 280, situate in the city of Galveston, Texas, as described on the map of the Galveston City Company, calculating fourteen lots per block; thereby defining the dimensions of said two lots." Plaintiff proved by a witness who was familiar with the general plan of the city of Galveston that, by the custom obtaining in the city of Galveston, the deed from Johnson to lots 13 and 14, and the other conveyances of same property, put in evidence by plaintiff, and under which both plaintiff and defendant deraign their titles, conveyed lots fronting on Avenue I, with an alley ten feet in width on their rear. This testimony was not contradicted; and it, with the uninterrupted use of the strip of land north of lot 14, by the owners of lot 13, until prevented from so doing by the defendant, is sufficient evidence, we think, of a dedication by Johnson of the strip of land in question as an alley. And this being so, the owner of each lot abutting on said strip acquired an easement therein; and such acquisition was not dependent upon the acceptance of the dedication by the city, or the opening of the alley by an ordinance of the council. Harrison v. Boring, 44 Texas, 257; Bissel v. Railway, 23 N. Y., 61. We are of the opinion, therefore, that under his purchase, and that of his vendor from Wm. R. Johnson, the plaintiff acquired an easement in the land dedicated, whereby he had right of way over same to and from lot 13 and Forty-first Street, and that he was entitled to the relief prayed for against the defendant, perpetually enjoining him from closing said alley, or otherwise depriving the plaintiff of the enjoyment of his right in the premises.

As we have seen, the evidence shows that when lot 14 was sold by the appellee to appellant's vendor, the lot was described in the deed of conveyance as 120 feet in depth; and it was expressly agreed between the parties that the alley north of this lot was not included in the sale, and the appellee's right to the use of the alley was never questioned by his vendee; that with the permission of appellee a gate was put in the western end of the alley, and that this portion of the alley was used in common by the owner of lot 14 and by the tenants of appellee occupying lot 13, as was the stable situated on that portion of the alley upon which lot 13 abuts; and there is evidence in the record at least tending to charge the appellant with constructive notice, at the time of his purchase, of the rights of appellee in the premises; but waiving this question of notice by appellant before his purchase of the terms upon which the sale of lot 14

was made by appellee to Stapp, appellant's vendor, we think the judgment of the trial court should be affirmed for the reasons herein indicated.

*Affirmed.*