# Teasley, Admr. *v.* Stanton *et als.*
## and
# Stanton *et als. v.* Teasley, Admr.

*Bill in Equity to compel Determination of Claims to Real Estate and to quiet Title.*

1.  *Vendor and purchaser; vendor and heirs estopped to deny the existence of a street as described in deed.*—When in the conveyance of land it is described in a deed as bounded by or abutting on a way or street, the grantor and his heirs are estopped to deny that there is such a way or street; such description being an implied covenant on the part of the grantor of the existence of such way or street, and that there should be such a passage way for ingress to and egress from the lot conveyed and so described.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. A. D. SAYRE.

On March 22, 1900, Julia C. Wilson filed the original bill in this case to compel the determination of claims to real estate described in the bill, and to quiet title thereto as provided for under the statute, (Code, §§ 809-813). The lot involved in this suit was described in the bill as

44c

"a certain lot of land in the city of Montgomery, known and described as Lot 111 of the Wilson plat as the same is shown by the record of said plat in the plat book of Montgomery county, Ala., and which lot lies on the west side of Sayre street, about opposite where South street intersects the east side of said Sayre street."

It is averred in the bill that the complainant was in the peaceable possession of said lot; that Isaac S. Stanton and W. W. Burch each claimed to own some interest in said lot, and that no suit is pending to test the validity of such claim.

The prayer of the bill was that the defendants be required to propound their claim and to show what interest or title they claim in said lot and upon what it was founded, and that upon the final hearing it be decreed that said defendants have no right, title, claim or interest in said described lot. The lot involved in the suit was on the west side of Sayre street, fronting 60 feet and ran back 330 feet.

The defendants filed a joint answer, in which they admitted the jurisdictional averments of the bill, but denied that the complainant owned said lot, and averred that each of the defendants has an interest therein.

It was further averred in the answer that the defendants have a right to have the lot involved in the controversy left open as a means of access to and egress from their respective lots; the said lots owned by the respondents respectively abutting on the lots involved in controversy.

It was then averred that the lots claimed by the complainant and the lots owned by the respondents all formerly belonged to one Joseph W. Wilson; that in 1847 said Jos. W. Wilson conveyed all of said property by deed of trust to one Sayre, as trustee, for the use and benefit of his wife Amanda W. Wilson; that upon the death of said Sayre, said Jos. W. Wilson was, by a proceeding in the chancery court, appointed as trustee in the place of said Sayre; that the complainant Julia C. Wilson, was a daughter of Jos. W. Wilson and Aman-

da W. Wilson, and her claim to the lot involved in controversy arose by virtue of a purchase made by her at a sale of a portion of the property under a decree of the chancery court, at which sale she purchased said property, which she claims in this suit; said chancery proceedings having been had for the purpose of dividing among the heirs of said Amanda W. Wilson the property conveyed in the trust deed.

In the answer the claim of the defendant Stanton of the interest in the lot involved in the controversy is set out as follows: After his appointment as trustee in the place of Sayre, Jos. W. Wilson and Amanda W. Wilson, who joined in said conveyance, executed and delivered to one W. B. Hughes, a deed dated May 21, 1867, conveying the property which abuts on the south side of said strip of land, which is involved in this suit. Said Hughes went into possession of said lot so described in said deed, (which deed is attached as an exhibit to the answer), and claimed and used said strip of land involved in the suit as a means of access to and egress from his said lot. The defendant Stanton claimed under mesne conveyances from said Hughes. In the deed from Jos. W. Wilson and Amanda W. Wilson to Hughes, the lot conveyed is described as follows: "A lot or parcel of land containing an area as follows, fronting on a reserve of 60 by 330 feet from the intersection of said reserve from the west side of Sayre street and to be a connction and continuation of South street, commencing at the southeast corner of a lot now owned by said W. B. Hughes and running from thence two hundred and ten (210) feet south, and from thence one hundred and twenty (120) feet west, and from thence two hundred and ten (210) feet north, and from thence one hundred and twenty (120) feet east, to the place of beginning."

The claim of W. W. Burch to the interest of the strip of land involved in the suit was averred in the answer as follows: "That the right and claim of the respondent W. W. Burch is claimed and was derived by virtue of another deed made by said Joseph W. Wilson, as trustee for his wife, Amanda Wilson, in which said deed,

[Teasley, Admr. v. Stanton *et als*. Stanton *et als*. v. Teasley, Admr.]

said Amanda Wilson joined, said deed being dated June 10th, 1867, whereby said Wilson and wife conveyed to him, a lot fronting on said strip 60 by 330 feet, and that said W. W. Burch went into possession of said lot under said deed, and ever since said time has claimed and exercised the right to have the property kept open as a means of access to and egress from his said lot, that being the only way by which said W. W. Burch could reach Sayre street or any other street in the city of Montgomery from his said premises, and that said W. W. Burch has used said right continuously since by said deed hereinbefore referred to.

The lot conveyed under the deed from J. W. Wilson and Amanda Wilson to W. W. Burch was described therein as follows: "A lot or parcel of land, commencing two hundred and ten (210) feet from the west side of Sayre street and adjoining a lot owned by the late Wm. H. Shelly, and now occupied by Adam Felder, and its front on the continuation of a strip of ground of sixty (60) feet by three hundred and thirty (330) feet intended and reserved for the continuation of South street (crossing Sayre street), and from thence north two hundred and ten (210) feet and from thence west sixty (60) feet, and thence south two hundred and ten (210) feet, and from thence east sixty (60) feet to the place of beginning."

It was averred in the bill that the respondents had claimed and asserted their rights to the lot in controversy for more than 20 years before the filing of the bill. There was an agreed statement of the evidence in the case, in which it was admitted that Joseph W. Wilson had executed a deed of trust as averred in the answer and was subsequently regularly substituted as trustee, and that the deeds as averred in the answer were regularly executed and that the chain of title of the defendant Stanton was as set out in his answer.

It was admitted in said agreed statement of facts that the lot referred to in the deed executed by Wilson to Hughes, under which the defendant Stanton claimed,

as being the lot then owned by Hughes, was a rectangu-
lar lot bounded on the east by Sayre street and front-
ing 105 feet thereon, and bounded on the north by the
lot described in the bill, and fronting on the lot describ-
ed in the bill 210 feet. It was further shown that the
deed from Wilson to Hughes, under which the defend-
ant Stanton claimed, the description of the lot so
conveyed commenced 105 feet south of the lot in-
volved in the present controversy, thence ran south
along Sayre street 210 feet, thence west 120 feet,
south of the lot involved in the present controversy,
thence ran south along Sayre street 210 feet, thence
thence north 210 feet, and thence 120 feet to the
place of beginning; such description making it
apparent that the lot conveyed in said deed to Hughes
did not abut the lot involved in the controversy.

There was evidence introduced tending to show that
the lot involved in the controversy had, for many years,
been kept open and was used by the owners of the prop-
erty abutting thereon for the purpose of access to and
egress from the property abutting on said strip of land.

While said suit was pending the death of the com-
plainant Julia C. Wilson was suggested, and the suit
was revived in the name of Charles B. Teasley, as the
administrator of the estate of Julia C. Wilson, deceased.
While said suit was pending the defendant W. W.
Burch, one of the defendants, died, and the suit was re-
vived against the heirs of said W. W. Burch.

On the final submission of the cause on the pleadings
and proof, the chancellor decreed that the complainant
had no title to the property involved in the suit as
against the defendants Burch, and ordered the bill dis-
missed as to them, but further decreed that the defend-
ant Stanton had no right, title or interest in or right of
way over the property described in the bill; the opinion
of the chancellor being adopted by this court.    From
the decree of the chancellor the complainant appeals,
and assigns the rendition thereof as error.   The defend-
ant Stanton prosecutes a cross appeal, and assigns as
error the rendition of the decree against him.

MARKS & SAYRE, for Teasley, Admr.—The trustee and life tenant could not bind the remaindermen by estoppel. The remainder was vested, and they were not in privity with trustee or life tenant, claiming under the deed of trust.—*Gindrat v. Western Ry.*, 96 Ala. 162; 9 Amer. & Eng. Ency. Law (2d ed.), 30, notes 2 and 3.

The language in the description of the Burch deed plainly showed that the strip was *reserved and no rights granted therein.* It could be construed only as a promise by trustee and life tenant to open a street in the future. The deed created no dedication. There can be no dedication to an individual.—*Steele v. Sullivan*, 70 Ala. 593.

By the deeds, there was to be a street or nothing. No intention to grant a private right of way is indicated by them. The decision in the case of *Julia Wilson v. the City of Montgomery* settles the point that there was no dedication of a public street, and binds appellees. *Steele v. Sullivan, supra.*

No right of way can be claimed by prescription, because the evidence shows no adverse continuous and exclusive user.—*Gage v. M. & O. R. R.*, 84 Ala. 224; *Stewart v. White*, 128 Ala. 202; *Jesse French P. & O. Co. v Forbes*, 129 Ala. 471.

CHAS. P. JONES, for Stanton.—The court below rightly decided that Burch had a right of way under his deed to the lot in controversy. In the deed from Wilson to Burch the lot is described as fronting on the continuation of a strip of ground 60 feet by 330 feet, intended as a reserve for the continuation of South street. A boundary on an intended street grants a private right of way.—*Olinda v. Lathrop*, 21 Pick. 292; *Smith v. Lack*, 18 Mich. 56; Jones on Easements, 227, 228.

"When a grantor conveys land bounding it on a way or street, he or his heirs are estopped to deny that there is such a street or way. This is not description merely, but an ample conveyance of an extension of the way," and "the description of a way in a deed is a contemplat-

ed passage way and shows an agreement of the parties that there would be such a passage way as distinctly as if it had been already laid out and has the like effect." *Tufts v. City of Charlestown,* 2 Gray, 272; *Stetson v. Dow,* 16 Gray, 372; *Franklin Ins. Co. v. Cousens,* 127 Mass. 258; *Burrell v. Burrell,* 11 Mass. 296.

HARALSON, J.—On the trial of this case in the court below, it was adjudged and decreed, that as to the defendants, Burch, the case be dismissed as prayed by them in their answer. It was further adjudged and decreed, that the defendant, Isaac S. Stanton, had no right, title or interest in or to a right of way over the property described in complainant's bill.

The opinion of the learned chancellor found in the record, is as follows: "The question raised by the claim of Stanton is different from that raised by the claim of Burch. They are both claiming a private way over the same property and by virtue of deeds of the same import from the same original source of title. But there is a difference nevertheless.

"The defendant Stanton claims a right of way under the deed of May 21st, 1867, and not otherwise. This deed describes the lot as fronting on the 'reserve.' But the more particular description by courses and distances, when read in connection with the agreed statement of facts, shows that the lot conveyed is distant 105 feet from the reserve and cannot front upon it. This description of the lot as fronting on the reserve, is false. Being palpably false, I think no implied covenant can arise out of it.

"But there is no such difficulty in the claim of Burch. In the deed from Wilson to Burch the lot conveyed is described as fronting on 'the continuation of a strip of ground 60 feet by 330 feet intended and reserved for the continuation of South street.' A boundary on 'an intended street' grants an appurtenant private right of way.- *O'Linda v. Lathrop,* 21 Pick. 292; *Smith v. Lock,* 18 Mich. 56; Jones on Easements, §§ 227, 228.

" 'When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way,' and 'the description of the way, in the deed, as a contemplated passage way, shows the agreement of the parties that there should be such a passage way, as distinctly as if it had been already laid out; and has the like effect.'—*Tufts v. City of Charlestown,* 2 Gray, 272; *Stetson v. Dow,* 16 Gray, 372; *Franklin Ins. Co. v. Cousens,* 127 Mass. 258; *Burrell v. Burrell,* 11 Mass, 296.

"As I understand *Steele v. Sullivan,* 70 Ala. 589; *Hoole v. Att'y. Gen'l.,* 22 Ala. 197, and the other cases cited by complainant, they only assert that the description of land as bounded by a road is not, alone, evidence of a *dedication to the public.*

"I think Burch has a private way over the property in question, but that Stanton, in the present condition of his deed, has none."

The case has been here carefully examined on the pleadings and proofs, and argument of counsel, and we approve the finding and decree of the lower court. This opinion of the court seems to us to be a correct exposition of the law of the case, and we approve and adopt the same.

Affirmed.