WM. ZIMMERMAN, Appellee, v. F. H. KIRCHNER, Appellant.

**Conveyance:** EXCEPTION: RESERVATION: EASEMENT. There is a distinction between an exception and a reservation in a deed, the former withholding a portion of the premises from the operation of the grant while the latter applies to some right or easement reserved by the grantor; but this distinction is not arbitrary, nor will it be permitted to override the real intent of the parties when ascertained from the instrument as a whole. Thus a conveyance of a described tract of land, except a designated strip which shall be left for a driveway, is held to convey title to the entire tract with the reservation of an easement for the driveway.

*Appeal from Johnson District Court.*—Hon. R. P. Howell, Judge.

Friday, June 9, 1911.

Injunction suit to restrain the defendant from erecting and maintaining buildings upon a certain strip of land. There was a decree for the plaintiff, and defendant appeals. *Affirmed.*

*Ranck & Bradley* and *Frank F. Messer,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

Evans, J.—This case turns upon the construction to be put upon a certain deed executed September 27, 1895, by the Jewell Manufacturing Company to David Kirkpatrick. Said deed purported to convey to the grantee certain real estate as follows: "One hundred and fifty (150) feet off the west side of block four (4) in Jewell Manufacturing Company Addition to Lone Tree, Johnson county, Iowa, according to the recorded plat thereof. *Excepting sixty* (60) *feet of south side of said block which shall be left for a driveway."* The question is whether the italicized clause should be construed as withholding the title to the strip of ground described therein from the operation of the grant, or whether it simply reserved an easement to the grantor. At the time of such conveyance the Jewell Manufacturing Company was the owner of all of block 4 except a very small portion thereof, which need not be noticed in this case. This block abutted on the railroad right of way on its south side. The depot was a little south and west of its southwest corner. The dimensions of block 4 were five hundred feet by three hundred and sixty feet, the longer dimension being from east to west. The Jewell Company was operating a manufactur-

ing plant, and its buildings were all located upon the east part of the block. It did its teaming between the factory and the depot over the south side of the block. In 1899 the Jewell Company by resolution of its directors agreed to convey to the Lone Tree Savings Bank all its property. Its deed executed in pursuance of such resolution described its real estate as the east four hundred feet of block 4, whereas it only had the east three hundred and fifty feet of such block, making no reference now to the disputed strip. Shortly afterwards the bank conveyed to plaintiff Zimmerman the east three hundred feet of such block 4, and the plaintiff thereupon succeeded to the business of the former manufacturing company, and has conducted the same upon such premises ever since. In March, 1901, the bank also conveyed to one Lee the west fifty feet of the east three hundred and fifty feet of such block. And it does not appear to have claimed any further interest in said block for many years thereafter. Some years later Kirkpatrick conveyed to the plaintiff Zimmerman the west one hundred and fifty feet of such block by the same description and with the same exception as appeared in the deed from the Jewell Company. On November 9, 1909, the defendant obtained from the bank a quitclaim deed of its interest in the strip in controversy. About the same time the defendant caused an execution to be levied upon such strip under a judgment against the Jewell Manufacturing Company and he purchased the same at execution sale and has since obtained a sheriff's deed therefor.

Reverting now to the deed to Kirkpatrick, made in 1895, the appellant invoked the general rule of distinction between an "exception" and a "reservation" in a deed, viz., that an "exception" withholds from the operation of the grant some part or parcel of the premises conveyed by the general description, whereas the term "reservation" is applied to some right or easement reserved by the

grantor in the premises granted. *Youngerman v. Board of Supervisors,* 110 Iowa, 731; *Spencer v. Railway Co.,* 132 Iowa, 132.

As to this general rule of construction, there is no question. But such rule is not arbitrary nor is it permitted to override the real intent of the parties as such intent may be ascertained from the instrument as a whole. It is a matter of common observation to the courts, that these terms are in fact frequently used by nonprofessional men interchangeably and synonymously, and the courts can not lean too heavily upon the nicer distinction between them. The construction contended for by appellant would require us to ignore entirely the clause "which shall be left for a driveway." We think this clause must receive appropriate consideration. It was plainly an undertaking on the part of either the grantor or the grantee, that the other should enjoy the right of passage over such strip. For the purpose of appellant's case, it matters little whether the title should be deemed conveyed and an easement reserved in the grantor, or whether the title should be deemed reserved by the grantor and an easement created to the grantee. Either hypothesis is fatal to the appellant. He claims the absolute title and is proposing to construct permanent buildings upon the property.

It is manifest from the record also that the parties to the instrument by their conduct immediately put a construction thereon which is in accord with the holding of the trial court. At the time the deed was executed the property was open and unfenced. Kirkpatrick immediately inclosed his purchase with a fence leaving a driveway at the south end, forty-six feet wide. His grantor and the plaintiff as his successor exercised the right of driveway over such forty-six feet which appears to have been ample for their purposes. Nor does anyone appear to have challenged the right of Kirkpatrick to include the remainder of such sixty feet within his inclosure. The bank does

not appear to have claimed any interest in this strip until September, 1909, and then only after it had been advised by the opinion of attorneys that it had the title. This was eight years after it had disposed of all other interest in the block. The defendant was vice-president of the bank. He had first tried to acquire this strip by purchase from Kirkpatrick. But Kirkpatrick sold to Zimmerman. The defendant thereupon acquired his alleged title thereto by quitclaim deed from the bank and by sheriff's deed as already indicated. We think the deed should be construed as conveying the title to the grantee with the reservation of an easement for the purpose of a driveway.

This is in accord with the decree of the trial court, and such decree is therefore *affirmed*.