179 P.2d 524

**NICKSON v. GARRY et al.**

No. 4962.

Supreme Court of New Mexico.

April 9, 1947.

Reese & Reese, of Roswell, for appellants.

W. A. Dunn, of Roswell, for appellee.

BRICE, Chief Justice.

The plaintiff brought this action to quiet title to the south 15 feet of Lot Four in Block Ten of the Original Town of Roswell, New Mexico. The intervener is the wife of the plaintiff, and claims a community interest in this property. The defendant answered, denying that plaintiff or intervener has an interest in the property, and by cross action sought to quiet title in herself. The facts are substantially as follows:

On January 9, 1897 Joseph C. Lea was the owner of Lot Four Block Ten (50 feet by 198 feet) in the city of Roswell, Chaves County, New Mexico. On that date he, joined by his wife Mabel Lea (who had no interest in the property), conveyed to Gertrude L. Dills the north 35 feet thereof.

This conveyance contained the following: " * * * and it is hereby understood and agreed that the remaining 15 feet of said lot shall be perpetually reserved for an alley." It is this "reserved" property, 15 feet by 198 feet, that is involved in this suit. It extends from Virginia Avenue to the public alley running north and south through the center of Block Ten.

Joseph C. Lea died intestate in 1904, and his heirs at law, insofar as this property is concerned, were his children, Harry Wildy Lea and Ella Lea who subsequently married Hiram M. Dow. Harry Wildy Lea was adjudged insane in 1905, and committed to the state institution for the insane, where he remained until his death on March 19, 1938. He was survived by his wife Alice Howard Lea and his daughter Annie Wildy Lea. Alice Howard Lea died intestate November 8, 1938, leaving as her only heir at law the defendant, who were formerly Annie Wildy Lea.

After the execution of the deed by Joseph C. Lea, conveying the north 35 feet of Lot Four to Gertrude L. Dills, the property in suit was never rendered for taxation by Joseph C. Lea or any other person until rendered by the plaintiff herein in 1944, for the years of 1934 to 1944 inclusive. Thereafter the plaintiff paid the taxes assessed under this rendition.

Although all of the predecessors in title of the parties to this action and the taxing authorities have consistently treated the land in suit as a public alley not subject to taxation, the only written evidence of its dedication as a public way (if it was so dedicated), was that contained in the deed from Joseph C. Lea and wife to Gertrude L. Dills. It has never appeared on any map or plat of the city of Roswell as an alley.

Ella Lea Dow and her husband Hiram M. Dow in 1927 conveyed the property in suit by quitclaim deed to plaintiff and intervener, and the latter have claimed and used this property since that date. Of late years this property, together with a part of the adjoining lot Five, has been used principally as an automobile parking space for guests of plaintiff's hotel, and as a way to the rear entrance of the hotel for the delivery of goods; but it has always been open to the public as a passageway. The hotel is situated on lots Seven and Six and a part of lot Five, which adjoin the property in suit on the south.

This property was not claimed as a part of the estate of Joseph C. Lea by his administrator or by his heirs, until claimed by the defendant. The plaintiff and intervener bought the north 35 feet of lot Four in 1944, and now own all private property adjoining that in suit.

The trial court concluded that any right or title the defendant may have had in the property was barred by the four year statute of limitation; and that plaintiff's and intervener's title should be quieted, and entered a decree accordingly.

The trial court erred in holding that the defendant's interest (if any), was barred by the four year statute of limitations, which is as follows: "Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four [4] years." Sec. 27-104 N.M.Sts.1941.

The trial court concluded: "That the possession, occupation and use of the property in dispute and its improvements at the death of Harry Wildy Lea was sufficient notice to his heir that the plaintiff and intervener were claiming rights in the property, which was sufficient notice to her to set the statute of limitations in operation and require her to sue for any rights or claims she might wish to assert to such property within the period fixed by the statute of limitations."

The reference is to the statute just quoted. It would be an anomaly to hold that the owner of property, as against one who claimed it and who had possession, and had used it, but who did not comply with the requirements of the 10 year statute of limitation, could be barred by the four year statute. The only way open to one claiming real estate by limitation because of possession and use is by complying with the 10 year statute, which is as follows: "No person or persons, nor their children or heirs, shall have, sue or maintain any action or suit, either in law or equity, for any lands, tenements or hereditaments, against any one having adverse possession of the same continuously in good faith, under color of title, but within ten [10] years next after his, her or their right to commence, have or maintain such suit shall have come, fallen or accrued, and all suits, either in law or equity, for the recovery of any lands, tenements or heriditaments so held, shall be commenced within ten [10] years next after the cause of action therefor has accrued: Provided, that if any person entitled to commence or prosecute such suit or action is or shall be, at the time the cause of action therefor first accrued, imprisoned, of unsound mind, or under the age of twenty-one [21] years, then the time for commencing such action shall in favor of such persons be extended so that they shall have one [1] year after the termination of such disability to commence such action; but no cumulative disability shall prevent the bar of the above limitation, and this proviso shall only apply to those disabilities which existed when the cause of action first accrued and to no other. 'Adverse possession' is defined to be an actual and visible appropriation of land, commenced and continued under a color of title and claim of right inconsistent with and hostile to the claim of another; and in no case must 'adverse possession' be considered established within the meaning of the law, unless the party

claiming adverse possession, his predecessors or grantors, have for the period mentioned in this section continuously paid all the taxes, state, county and municipal, which during that period have been levied upon the land or interest claimed, whether assessed in his name or that of another." Sec. 27-121 N.M.Sts.1941.

Neither the plaintiff nor the intervener was ever in adverse possession of the property in question; but the general public at all times had access to and used it. Indeed it is admitted by them that defendant's claim is not barred by the 10 year statute; and that being true it is not barred at all.

The defendant asserts that the reservation in the deed from Lea to Dills conveyed no interest or title in or to the land in suit to Dills; and therefore none was conveyed to plaintiff and intervener by Dills' deed to them, which contained no reference to the land in suit.

The Lea deed does not purport to convey to Dills any interest in the land in suit; but it was *agreed* that it should be "perpetually reserved for an alley."

The so-called reservation was written into the deed for the benefit of the grantee. As Lea, the grantor, owned all of the 15 feet in controversy, it could not have been made for his benefit. Except for this provision in the deed, Lea could have used the property for an alley, or for any other lawful purpose. It was an agreement and representation on the part of the grantor

that the 15 feet which he owned adjoining the property conveyed would be used perpetually as an alley. If it was to be used so perpetually its existence as an alley began at the time of the execution of the deed. The language used is not clear, but it is at least as clear as that used in Zimmerman v. Kirchner, 151 Iowa 483, 131 N.W. 756, 757, wherein the deed conveyed " 'One hundred and fifty (150) feet off the west side of block four (4) * * * excepting sixty (60) feet of south side of said block which shall be left for a driveway.' " The question was whether the 60 feet was withheld from the title or was merely a reserved easement. It was held that the deed conveyed the whole block but left to the grantor the driveway as an easement. The word "excepting" was construed to mean "reserving."

It was held in Winston v. Johnson, 42 Minn. 398, 45 N.W. 958, that where there is no declaration in a deed of the intention of the parties in regard to the nature of a way provided for, that resort may be had in such case to other circumstances surrounding the transaction for the purpose of ascertaining the intent and the effect to be given to the instrument. And see Huttemeier v. Albro, 18 N.Y. 48.

We are of the opinion that the heirs of the grantor, J. C. Lea, are estopped from claiming that the alley, though not in fact in existence prior to the execution of the deed by Lea, was created by the deed itself.

No other reasonable construction can be placed upon the language of the deed.

If land is purchased under an agreement and representation that it would abut upon a street or alley, existing or to exist by the terms of the deed, and the grantor owns the land to be so used; the grantor and his heirs are estopped to deny the existence of the alley; and the purchaser acquires a right of way over the land in question.

" 'But there is no such difficulty in the claim of Burch. In the deed from Wilson to Burch the lot conveyed is described as fronting on "the continuation of a strip of ground 60 feet by 330 feet intended and reserved for the continuation of South street." A boundary on "an intended street" grants an appurtenant private right of way. O'Linda v. Lothrop, 21 Pick. [38 Mass.] 292, 32 Am.Dec. 261; Smith v. Lock, 18 Mich. 56; Jones on Easements, §§ 227-228.

" ' "When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way," and, "the description of the way, in the deed, as a contemplated passageway, shows the agreement of the parties that there should be such a passageway, as distinctly as if it had been already laid out; and has the like effect." Tufts v. City of Charlestown, 2

Gray, [68 Mass. 271] 272; Stetson v. Dow, 16 Gray, [82 Mass.] 372; Franklin Ins. Co. v. Cousens, 127 Mass. 258; Gaw v. Hughes, 111 Mass. 296.' " Teasley v. Stanton et al., 136 Ala. 641, 33 So. 823, 824, 96 Am.St.Rep. 88.

" 'The whole extent of the doctrine is, that a grantor of land, describing the same by a boundary on a street or way, if he be the owner of such adjacent land, is estopped from setting up any claim, or doing any acts, inconsistent with the grantee's use of the street or way.' * * * In one sense the deed operates as a conveyance of a right of way over the street; that is to say, the grantors and all claiming under them are estopped to deny the existence of the street, or do any act inconsistent with the plaintiff's use of it as such." Hennessey v. Old Colony & N. R. Co. 101 Mass. 540, 100 Am.Dec. 127.

In Garstang v. Davenport, 90 Iowa 359, 57 N.W. 876, 878, the question was the effect of the following description in a deed: " '150 feet, to a twenty-foot alley, hereafter to be laid out.' " The land belonged to the grantor. The Iowa court said: "We do not think it open to serious dispute that the deed to intervener contemplated the laying out of an alley as the southern boundary of the lot. In Parker v. Smith, 17 Mass. 411, [9 Am.Dec. 157,] it is said: 'The principal question in this case arises upon the construction of the deed from John Russell to Benjamin Faber,

in which he conveys a piece of land in what is now the town of New Bedford, bounding it southwardly and westwardly on a way or street. By this description the grantors and his heirs are estopped from denying that there is a street or way to the extent of the land on those two sides. We consider this to be not merely a description, but an implied covenant that there are such streets.' See, also, Thomas v. Poole, 7 Gray, [73 Mass.] 83. In Tufts v. City of Charleston, 2 Gray, [68 Mass.] 271, the syllabus states the rule as follows: 'A deed of land bounding on a passageway two rods wide, which is to be laid out between the premises and land of A., the grantor to make and maintain all the fence between the said contemplated passageway and premises, estops the grantor, and those claiming under him, to deny the existence of the passageway.' In the opinion it is said: 'When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way.' We think the entire current of authorities is with this view." White v. Tide Water Oil Co., 50 N.J.Eq., 1, 25 A. 199; Malone v. Jones, 211 Ala. 461, 100 So. 831; Loustannau v. Robertson, 21 Tex.Civ.App. 85, 50 S.W. 489; 2 Thompson on Real Property, Sec. 471.

It is asserted by appellant that the provision in the Lea deed regarding an alley did not extend the fee of the land conveyed to the center of the proposed alley.

It is a rule practically without exception that a conveyance of land abutting on a road, highway, alley, or other way, is presumed to take the fee to the center line of the way. Re Application of City of New York, Etc., 209 N.Y. 344, 103 N.E. 508, 2 A.L.R. 1; Rio Bravo Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391; Nashville v. Lawrence, 153 Tenn. 606, 284 S.W. 882, 47 A.L.R. 1266; Hensley v. Lewis, 278 Ky. 510, 128 S.W.2d 917, 123 A.L.R. 537, and see case notes in A.L.R. following each of the above cases. The presumption, however, is a rebuttable one. After all, it depends upon the intention of the parties to the deed, to be ascertained from its language, viewed in the light of the surrounding circumstances, Henderson v. Hatterman, 146 Ill. 555, 34 N.E. 1041. The presumption may be overcome either by express words or by the use of such words as necessarily exclude the highway from the description of the premises conveyed; but in case the language is of doubtful meaning, the presumption will prevail. Van Winkle v. Van Winkle, 184 N.Y. 193, 77 N.E. 33, and see annotations in A.L.R. last mentioned.

We are of the opinion that the words "That the remaining 15 feet * * * shall be perpetually reserved for an alley," did not reserve the fee in the grantor. The language is of doubtful

meaning, but holding as we have, that an alley was established by this language, it may reasonably be held that only the alley, or easement, was reserved by the grantor for the use of the public and for the benefit of the adjacent property owners. In Richardson v. Palmer, 38 N.H. 212, it was held that the words "reserving to the public the use" of a highway, means that the fee passed to the land owners. We will resolve the doubt in favor of the grantee in the Lea deed, and hold that it was intended that the fee to the center of the alley should pass to Dills, and that the alley, or easement, alone was reserved for the benefit of the adjacent property owners, and perhaps the public, Wellman v. Dickey, 78 Me. 29, 2 A. 133.

The following plat of Block Ten will assist in understanding the location of the property in suit and its surroundings:

The trial court correctly held that the defendant had no right or interest in the property; for which reason other interesting questions presented are not decided. The plaintiff is the owner of the property in suit, as against the defendant. The rights of the public, if any, because of a user for a half century, are not involved and cannot be determined.

The decree of the district court should be affirmed and

It is so ordered.

LUJAN and SADLER, JJ., concur.