MARGARET R. McCONNELL v. EMILY RATHBUN AND GOUVERNEUR B. RATHBUN.

*Deeds—Right of way of an alley—Removal of obstruction.*

A "right of way of an alley" included in a deed implies *ex vi termini* a passage leading away from the land conveyed.

All grants must be construed reasonably and in the light of the circumstances.

The grantor of a corner lot afterwards deeded an adjoining lot and included "the right of way of an *alley* 10 feet wide on rear end of

said 82 feet," the length of the lots conveyed. Such a passage-way actually existed from the street, and the land in the rear of both lots was under the grantor's control. *Held,* that the easement included in the second deed could not be limited to a mere open space behind the lot, and that the subsequent obstruction of the outlet to the alley by persons holding under the grantor, would be enjoined.

Appeal from Kent. Submitted June 15. Decided June 22.

BILL of injunction to restrain obstruction of alley. Defendants appeal. Affirmed.

*W. D. Fuller* for complainant.

*Blair, Kingsley & Kleinhans* for defendant Emily.

COOLEY, J. On the fourteenth day of January, 1846, Amos Rathbun sold and conveyed to William H. McConnell a piece of land in the village—now city—of Grand Rapids, described in the deed as "a part of lot one, section seven of Campau's plat of said village, bounded as follows: Commencing at a point on Monroe street twenty-four and a half

feet from the corner of Waterloo and Monroe streets; thence along the line of Monroe street to the south-easterly line of said lot one; thence along said line, being at right angles with Monroe street, eighty-two feet; thence on a line parallel with Monroe street to a point within twenty-four and a half

feet of Waterloo street, and thence on a line parallel with
Waterloo street to the place of beginning; also the right of
way of an alley 10 feet wide on rear end of said eighty-two
feet." Rathbun had previously owned the lot twenty-four
and a half feet by eighty-two feet on Waterloo street, and
had conveyed the same to one Winsor, who had erected a ·
building thereon covering the whole, which was known as
Faneuil Hall. He also at the time of conveying to McCon-
nell owned the land in the rear of the lots conveyed to
Winsor and McConnell.

McConnell, after making his purchase, erected two stores
which covered the front of his lot and extended back seventy-
five feet. These were soon occupied for mercantile pur-
poses, and have been ever since. For access to the rear of
these he used a way then open and in use, in the rear of
Faneuil Hall and his own lot from Waterloo street, and
assumed that there was a lane or alley there ten feet in width
for the whole distance. This is the only mode of access he
had to the rear of his stores with teams. There is some evi-
dence in the case that his right to pass to Waterloo street
in the rear of Faneuil Hall was soon disputed, but his use
and that of his grantee was not interrupted before 1870.
McConnell conveyed his lot to Margaret R. Somers, now
Margaret R. McConnell, in 1849, and she has ever since been
the owner. Subsequently Amos Rathbun conveyed the land
in the rear to Emily Rathbun, and in 1870 she or parties
claiming under her commenced obstructing the passage-way
at the line of Waterloo street, and threatened entirely to
close up the same with buildings, and Margaret McConnell
filed the bill in this case. The object of the bill is to
establish her right to the alley, and to obtain a perpetual
injunction against obstruction.

The bill does not claim a right to the easement by pre-
scription, but insists upon it under the grant. Defendants.
claim that the grant is of the use of an alley whose length
was to be measured by the width of the lot conveyed; and
a plausible argument to this effect is made on the wording
of the deed. But all grants must be construed reasonably,

46 Mich.—20

and in the light of the surrounding circumstances. The easement granted was "a right of way of an alley"; and this *ex vi termini* implies, we think, a passage-way leading away from the land conveyed. It would be a misnomer to call a mere open space ten feet wide in the rear of this land, shut in on all other sides by lands over which the grantee had no right to pass, either a right of way or an alley. It might be a convenient space to use for some purposes, but certainly not for a right of way. The suggestion that the passage-way intended was merely a rear passage from one of the stores McConnell intended to erect to the other has no plausibility. An alley for such a purpose would be of little or no value : the alley is needed for access to and from the street with teams.

But the difficulties disappear when we find that at the time a passage-way extending to Waterloo street was actually in use in the rear of Faneuil Hall, and that it has been in use ever since. The grant must be construed in the light of this fact ; and this makes clear what the alley was the parties had in mind, and shows that it was one useful if not necessary to the proper and full enjoyment of the land conveyed. The subsequent continuous use of the alley for more than twenty years without interruption tends to confirm the correctness of this construction, though we do not rely upon it as essential to establish the right.

The circuit court sustained the easement, and we think correctly. Its decree must therefore be affirmed with costs.

The other Justices concurred.