The plaintiff alleged that on August 14, 1890, George A. Dick, trustee, and Mary E. Dick, by and with the consent of her husband, R. P. Dick, executed to Julia P. Dick a deed for about three acres of land in the city of Greensboro, "which said land was bounded on the north by a ten-foot alley connecting Percy Street and Chestnut Street; on the east by Percy Street, and on the west by Chestnut Street, more particularly described in said deed as beginning at a stone on Chestnut Street ten feet south of the southwest corner of George A. Dick's home lot; running thence along Chestnut Street south 3 degrees and 45 minutes west 378 1/2 feet to a stone; thence south 84 degrees and 22 minutes east 316 1/2 feet to a stone on Percy Street; thence (20) north 6 degrees and 39 minutes east 383 1/2 feet to a stone; thence north 84 degrees and 22 minutes west 340 feet along the south sideof a ten-foot alley, containing three acres," etc. Said deed was duly recorded.
That subsequently the said Julia P. Dick conveyed the said land by deed, containing like calls to those above set out, to George A. Dick, which said deed was duly recorded. That thereafter George A. Dick, by deed, containing a like description to that set out in the two deeds above mentioned, conveyed said land to Caesar Cone, which deed was *Page 15 
duly recorded. That subsequently Caesar Cone and wife conveyed a part of said land to the plaintiff by deed containing the following description: "Beginning at a stone in the north side of Summit Avenue and 75 feet westerly from a stone in the northwest intersection of Summit Avenue and Percy Street, running thence north 36 degrees and 56 minutes west 66.25 feet to a stone on the north side of a ten-foot alley; thence north with the south side of said alley 84 degrees and 49 minutes west 80 feet to a stone, etc." That the ten-foot alley called for in the description in the said deed to the plaintiff is the same alley running between Percy and Chestnut streets north 84 degrees and 49 minutes west, which is established, called for and set out in each of the deeds above referred to, prior to the conveyance to the plaintiff of the land described in said deed to him. That subsequent to the execution and registration of the first three above-mentioned deeds, Mary E. Dick and George A. Dick, trustee, who were the grantors in the deed first above mentioned to Julia P. Dick, executed to the defendant G. W. Denny a quitclaim deed for the alley above referred to, describing the land thereby conveyed as beginning on the east side of Chestnut Street at the southwest corner of the home place, formerly owned by George A. Dick, and running about 350 feet to Percy Street; thence southerly with Percy Street 10 feet to the corner of the lot sold by George A. Dick to Caesar Cone, thence westerly with the north line of (21) said lot about 350 feet to Chestnut Street; thence northerly with Chestnut Street 10 feet to the beginning," which deed was duly recorded. That the defendant had actual knowledge that the said alley was called for in such of the conveyances above mentioned as were executed and registered prior to the execution of the above-mentioned deed to him. That the plaintiff agreed to purchase from Caesar Cone, and took from him a contract in writing to convey the land described in the deed from said Caesar Cone to the plaintiff long before the defendant received from the said George A. Dick, trustee, and Mrs. Mary E. Dick, the said deed for the said ten-foot alley above described. That the plaintiff, relying upon the fact that the said alley was called for in the deeds above set out, and upon the faith that it would be kept open, was induced to purchase the said lot and pay therefor a larger sum than he would otherwise have done, the said alley giving to the plaintiff a convenient entrance to his said lot facing on Summit Avenue, and upon which he has erected a house which he occupies as a home. That the defendant has since the execution to him of the quitclaim deed above-mentioned, and after being forbidden by the plaintiff to do so, closed up said alley, and thereby cut the plaintiff off from entering the back *Page 16 
portion of his premises from Percy or Chestnut Street, and has damaged him. He prays that the defendant be enjoined from obstructing his right to pass through and over the said alley and be required to keep it open, etc. The defendant demurred, "for that the complaint does not state facts sufficient to constitute a cause of action." His Honor overruled the demurrer and ordered the defendant to open the said alleyway and enjoined him from ever closing same or in any way interfering with the free use of the same by the plaintiff and the public who (22) may wish to pass and repass over and along the same. From this judgment the defendant appealed.
The plaintiff contends that this case comes within the principle well settled by this Court in Moose v. Carson, 104 N.C. 431, 7 L.R.A., 548, 17 Am. St. Rep., 681; State v. Fisher, 117 N.C. 733; Conradv. Land Co., 126 N.C. 776; Collins v. Land Co., 128 N.C. 563, 83 Am. St. Rep., 720 — that where an individual sells or conveys a town or city lot, bounded by streets or alleys, marked out on a plat, and the grantee enters upon it and expends money in improving it, he is entitled to a right of way over such street or alley as appurtenant to the land, and any subsequent conveyance by his grantor, or those claiming under him, of the portions of such street or alley by which the grantee's lot is bounded, is void in so far as such sale may affect his right. We have no disposition to question the correctness of the law as laid down in these cases. This Court at the present term, in Hughes v. Clark,134 N.C. 457, has reaffirmed the doctrine and cited with approval the cases above named. The right of purchasers to have such streets or alleys kept open for their own use and the use of their grantees is not based so much upon the theory that they have an easement, as that the dedication, evidenced by the making of the plat and the references to it, either in the deed or in the negotiations, estops the party from closing up such street or alley or interfering with the use of them for the purpose for which they were dedicated. While there is some conflict in the authorities which we have examined, it may be said that an alley is not necessarily a street and does not necessarily signify that the public have a right to use it. An alley is defined as "a narrow passage or way in a city as distinguished from a public street." 2 Am. Eng. Ency., 149. Webster defines it as "A narrow passage, (23) especially a walk or passage in a garden or park, bordered by rows of trees or bushes; a bordered way. A narrow passage or way in a city as distinct from a public street." The distinction between a private and a public alley is recognized by the Supreme Court of Maryland in Witsen v. Gutman, 24 L.R.A., 405. It is not *Page 17 
alleged in the complaint by whom or at what time this alley was opened or for what purpose. The language is, "That the said land was bounded on the north by a ten-foot alley connecting Percy and Chestnut streets." Whether it was opened at the time the deed was made and for the use of the two lots, or whether it had been opened before that time and dedicated to that purpose, does not appear. The nearest approach to an allegation that the alley was opened is found in the fifth paragraph: "That the ten-foot alley called for in the description in the said deed to the plaintiff is the same alley which is established, called for and set out in each of the deeds above referred to, prior to the conveyance to the plaintiff of the land described in said deed to him." We do not think the mere fact that the deed from George A. Dick to Julia P. Dick called for a "stone, thence north 84 degrees and 22 minutes west 340 feet along the south side of the ten-foot alley," in the absence of any allegation that an alley of that width had been opened and dedicated for the use of the owners of the property conveyed, is sufficient to pass an easement to the grantee or to entitle him to enjoin the closing of such alley. No right of way or other easement is expressly granted, therefore the plaintiff's claim to such right or easement is based upon the contention that it is granted by implication upon the well-settled principle that if a man grant a piece of land surrounded by other lands belonging to him, the grantee will have by implication a right of way to pass to and from the land granted. This right arises out of the necessity of the situation of the grantee in respect to the land granted. By the complaint in this case it appears that the lot (24) conveyed fronted on two streets, being 216 feet apart, and fronting about 378 feet on each street. It would seem therefore that no easement or right of way would arise by implication by reason of necessity. In the present condition of the pleadings we prefer not to discuss or decide the rights of the parties except for the purpose of disposing of the demurrer.
It may be that the plaintiff can by amendment of his complaint set forth more clearly the basis and extent of his alleged right. The judgment of his Honor cannot be sustained, for that it assumes not only that the plaintiff was entitled to an alley, but that the public had a right to pass and repass over and along the same. We find no suggestion in the complaint that the alleged alley was dedicated to any public use; nor does the judgment recognize or protect such rights, if any, as the owner of the adjoining lot may have to the use of the alley. It may well be that if opened at all the alley was for the benefit of the lot conveyed and the adjoining lot. How this is will, we presume, be made *Page 18 
to appear by an amendment to the complaint. Upon the pleadings we simply decide that his Honor should have sustained the demurrer and given the plaintiff an opportunity to amend his complaint as he may be advised. Although no objection was taken to the form of the demurrer, and we therefore treat it as sufficient, we have not overlooked the fact that it does not conform to the requirements of section 240 of The Code as construed by this Court in the cases cited in Clark's Code, sec. 240. As the defendant may, notwithstanding the defect in form of his demurrer, have made a motion in this Court for the same causes, we treat the case as if such motion had been made. Tucker v. Baker, 86 N.C. 1.
Error.
Cited: Briscoe v. Lighting Co., 148 N.C. 402; S. v. Godwin, 145 N.C. 465.
(25)