J. H. TALBERT ET AL. v. A. A. MASON, Appellant.

**Conveyances:** IMPLIED COVENANT: BREACH: MEASURE OF DAMAGES.
1  The conveyance of a portion of a lot with a private right of way over the grantor's remaining land to an adjoining public alley amounts to an implied covenant as to the existence of the alley, which the grantor is estopped to deny; and the measure of damages for its breach is the difference in the value of the property, without the private right of way annexed, and such value as it would have had if the public alley in fact existed.

**Same:** TERM "ALLEY" CONSTRUED. The term "alley" when used
2  in connection with platted ground usually has reference to a public alley; and when a deed conveying platted ground refers to an alley the fair inference is that an alley platted for public purposes is intended.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

TUESDAY, NOVEMBER 19, 1907.

A TRIANGULAR tract of land was platted as Cousins addition to the city of Albia, and on June 9, 1899, defendant conveyed a part of out lot 6 therein to Flora E. Talbert, since deceased, described as following: " Commencing at a point on the west line of Harrison street in Albia, Iowa, five rods south of the northeast corner of out lot No. six Cousins addition; thence west eight rods; thence south, two rods, four and one-half feet, to the north line of the right of way of the Chicago, Burlington & Quincy R. R.; thence southeasterly, along the said line of right of way, nine rods, four and one-half feet, to the west line of Harrison street; thence north, six rods and seven feet more or less, to the place of beginning.

Also a right of way for alley purposes over the following described tract, to-wit:   Commencing at the southwest corner of the tract above described; thence north to an alley running east and west on the north side of out lot six, Cousins addition; thence west one rod; thence south to the north line of the C., B. & Q. R..R. right of way; thence southeasterly to the beginning." The plaintiff sued as surviving spouse and guardian of the three minor children of deceased, and in the petition alleged that defendant in selling the remainder of out lot 6 and out lot 5 by warranty deed included the strip along the north side of out lot 6 therein, and made no reservation or exception thereof as an alley; that this amounted to a breach of warranty of the deed to plaintiff decedent in which the existence of an alley was asserted. By amendment to the petition, it is alleged that defendant knowingly and falsely represented that there was a public alley along the north side of lot 6 with which the way on the west end connected, with intent to deceive; that the grantee, in reliance on such representations, erected a dwelling house, and made other valuable improvements thereon, and that, by reason of their not being an alley as represented, deceased was damaged in the sum of $250. The answer was a denial of having made the representations as alleged, and an averment that defendant assured deceased that she might have a private way to Harrison street as long as he retained the remainder of lot 6, and that, when he sold it, suitable provision would be made in the deed thereof to protect her right to pass from the private way in the rear to said street; that he conveyed the part of lot 6 remaining with lot 5 to one Teas, and inserted in the deed the following clause: " This deed is made subject to a right of way over the above tracts in a deed to Flora E. Talbert and recorded in book W 2, page 571, of Monroe County Records"— and in so doing performed his agreement, and that from the time of the deed to plaintiffs' decedent she made use of the way until out lot 6 was conveyed to one Teas in October, 1901. Trial resulted in a verdict and·

judgment of $200 against defendant, from which he appeals.
— *Reversed.*

*John R. Clarkson* and *Ralph T. Mason,* for appellant.

*J. C. Mabry,* for appellees.

Ladd, J.— The appeal involves the right to recover the damages due to falsely representing the existence of a public alley through which the purchaser of a part of a lot might

1. Conveyances: implied covenant: breach: measure of damages.

reach the street in front, and a breach of warranty in the deed conveying the same. The deed to Mrs. Talbert specifically described the right of way back of the tract sold to her and " to an alley running east and west on the north side of out lot six." This amounted to a distinct assertion of the existence of such an alley. The sole object had in providing a north and south right of way extending to this alleged alley was to enable the grantee to obtain access to Harrison street from the rear end of her lot. This supposed alley had been traveled somewhat by defendant for several years, and was used by the grantee and her heirs up to the time it was closed in 1902 by one Hastie, who had purchased all of lot 5 and the part of lot 6 remaining, specifically described so as to include the right of way for alley purposes conveyed to Mrs. Talbert, as well as the alleged east and west alley, from one Teas, to whom defendant had deeded it by like description. Each of these deeds, however, contained a clause saying it was " made subject to right of way over the above tracts in a deed to Flora E. Talbert." This clause, while general, clearly directs the grantee's attention to the recitals contained in the deed to plaintiffs' decedent. From these it appeared, not only that a right of way for alley purposes a rod wide from the railroad to the alley along the north side of the lot had been conveyed to her, but also the existence of such an alley was asserted. But no alley had

been platted, and there is no claim that it had been established by prescription. If it existed, it was by virtue of an implied covenant of its existence. Certainly there was no alley, private or public, prior to the execution of the deed. The entire tract belonged to defendant, and the place traveled was merely made use of to gain access to his premises and after the conveyance by plaintiff and their decedent. But the deed described it as an alley, and conveyed a way to it for alley purposes.

In passing on the admissibility of evidence and in giving and refusing instructions, the court ruled the measure of damages to be the difference between the market value of the parcel of land conveyed as it was without a way along the north line of lot 6 and such value of the lot as it would have been had there been a public alley as represented. Appellant contends that this was error, in that, though there was no public alley, a private way passed as appurtenant to the land by implied covenant of the grantor that an alley was there. This is on the theory that the grantor, having described the alley as forming a part of the boundary, or as an extension of the way forming the boundary, is estopped from asserting that there was no such passageway. The doctrine was recognized in *Garstang v. City of Davenport,* 20 Iowa, 359, where one of the boundaries was a "twenty-foot alley to be laid out," and the right to such alley was sustained on the theory expressed in *Tufts v. City of Charlestown,* 2 Gray (Mass.)271: "When a grantor conveyed land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way." This statement of the rule is fully confirmed by authority. See Jones on Easements, section 227, where authorities are collected, and *Dill v. School Board,* 47 N. J. Eq. 421 (20 Atl. 739, 10 L. R. A. 276), where the earlier cases are noticed, among them *Roberts v. Karr,* 1 Taunt, 495, in

which Chief Justice Mansfield tersely stated the principle
on which the decisions proceed thus: "If you (lessor)
have told me in your lease that this piece of land abuts on
a road, you cannot be allowed to say that the land on which
it abuts is not a road." The necessity that the grantor own
the fee in the land represented as a street or way is ap-
parent. *Howe v. Alger,* 4 Allen (Mass.), 206. Also that
the street or way be designated as a boundary is equally es-
sential. If merely referred to as part of the description as
a starting point or the termination of a line, or if the street
or way is coincident merely with the line described, this
will not suffice because not amounting to the assertion of the
existence of the street or way as a boundary. *Lankin v.
Terwilliger,* 22 Or. 102 (29 Pac. 268); *Brizzalaro v.
Senour,* 82 Ky. 353. On the other hand, if designated as
a boundary, this does not limit the street or way to that
abutting the land conveyed. Thus in *McConnell v. Rath-
bun,* 46 Mich. 303 (9 N. W. 426), included in the con-
veyance was "the right of way of an alley ten feet wide
on rear end of said eighty-two feet." The grantor had owned
the land between this description and the street, and the
court held that "this *vi termini* implies a passageway lead-
ing away from the land conveyed" to such street. In other
cases, where lots are sold by a plat as on a street, the grantee
is held to have an easement in such other street also as will
afford him reasonably convenient access to his property.
See *Regan v. Boston Gas L. Co.,* 137 Mass. 37; *Schermer-
horn v. Todd,* 51 Mich. 21 (16 N. W. 304), and *Fox v.
Union Sugar Refinery,* 109 Mass. 292, where the land was
conveyed by a description which bounded it in a private way
not defined in the deed, but shown upon a plan referred
to therein, and the court held that the deed operated as an
estoppel upon the grantor, and precluded his denying the
existence, not only of the abutting way, but of any of the
connecting ways represented on the plan which would en-
able the grantee to reach the public roads in any direction.

In *Langmaid v. Higgins,* 129 Mass. 353, 356, the principle is lucidly stated by Colt, J.: " A deed in which the premises conveyed are bound on a defined and existing passageway gives to the grantee by estoppel rights, not only in that part which adjoins his own land, but also by necessary implication in such portion of the whole way as will make the same available and useful as an appurtenance to the estate granted. The extent of the grantee's right beyond the limits of his land will depend upon the nature and character of the way and its connection with the public streets as affording a convenient outlet from his land.   When the extent or limits of the way are defined in the deed by reference to a plan or otherwise, the estoppel is not confined to so much of the way as is necessary for the enjoyment of the granted premises, but extends to the whole way as defined." It is apparent that much of necessity depends on the intention of the parties to the instrument in determining whether an easement passes by implied covenant, and this is to be gathered from the nature of the transaction in so far as revealed, the situation of the parties, and the state of the thing granted.   *In re Opening Brook Ave.,* 58 N. Y. Supp. 163 (40 App. Div. 519); *Huttenmeier v. Albro,* 18 N. Y. 48; *Winston v. Johnson,* 42 Minn. 398 (45 N. W. 958).

It can make no difference whether the seller exhibit a way on a plan or assert one in his conveyance.   If he conveys land bounded by a street or way used as appurtenant to the premises conveyed in connection with another street or way necessary as an outlet in such a manner as to unequivocally assert the existence of the latter, he cannot be heard to deny its existence thereafter, and because of this a covenant that it exists is implied which runs with the land.   In the case at bar the way described as extending from the railroad to the east and west alley was appurtenant to the land conveyed, and the only conceivable object in including it in the deed was to afford the grantee an outlet

from the back end of his premises to Harrison street.   This
is manifest from an examination of a map of the lots:

The way was for alley purposes and extended from
along the premises conveyed to the alley on the north side
of lot 6 with the manifest object of enabling the grantee to
pass along this way to the " alley," and then down to the
street.   The defendant then owned the land at the place
where he asserted the east and west alley existed, and in
harmony with the decisions cited could not be heard to say
that no alley, in fact, existed there.   From these circum-

stances a covenant is implied under which a private way passed to the grantee, and the court erred in not defining the measure of damages as the difference between the market value of the property with this private way annexed and appurtenant thereto, and such value of the property as it would have been with a public alley along the north side of lot 6.

II. Error is also assigned in an instruction to the jury that " if the defendant told plaintiff, J. H. Talbert, that there was an ' alley ' running east and west on the north side of out lot 6, and made no explanation as to whether such alley was a public alley or a mere private way, then and in that case the term ' alley ' under the circumstances of this case would imply that it was a public alley; that is, a permanent right of way, open to the use of the public generally." The statutes relating to platting a town site or additions thereto authorize the dedication of alleys. Section 916 of the Code expressly requires that subdivisions " shall be divided by streets into blocks with alleys separating abutting lots and such blocks, streets and alleys shall conform as nearly as practicable to the size of blocks and the width of streets and alleys in such city or town and such streets and alleys shall be extensions of the existing system of streets and alleys thereof." Such alleys, upon the acceptance of the dedication tendered by filing the plat, are under the authority of the cities and towns, whose councils may " widen, straighten, narrow, vacate, extend, improve and repair them." Section 751, Code. Of course, alleys may be private and these are ordinarily such as have not been dedicated to the public use, and to which the general public is denied access or which are set apart for some particular purpose. A private passage or way is sometimes referred to as a private alley, especially when bordered by trees or otherwise defined or inclosed. But alleys in cities and towns usually are public, and the private alley therein

2. SAME: term " alley " construed.

is exceptional. Density of population render them necessary for easy access to abutting properties, and, though sometimes confused with streets in attempts to define them, they are readily distinguishable. An alley may be so extensively used for public travel as to justify designating it a "narrow street in common use," as was done in *Bailey v. Culver,* 12 Mo. App. 183, or referring to it as a road, as *Sharett's Road,* 8 Pa. St. 92. See, also, *Kalteyer v. Sullivan,* 18 Tex. Civ. App. 488 (46 S. W. 288). Their principle purpose is to furnish the owners of abutting lots and those dealing with such owners convenient access thereto. *Dodge v. Hart,* 113 Iowa, 685. See, also, *Milliken v. Denny,* 135 N. C. 19 (47 S. E. 132); *City of Chicago v. Borden,* 190 Ill. 430 (60 N. E. 915). Alleys are not a substitute for streets, but serve as means of accommodation to a limited neighborhood for chiefly local convenience. *Beecher v. People,* 38 Mich. 291 (31 Am. Rep. 316). When one is dealing with lots in platted ground, and refers to an alley or alleys therein, the presumption is that he has reference to an alley or alleys included in the plat. Such ways are ordinarily public in cities and towns, and, when a deed conveying platted grounds refers to an alley, the fair inference is that an alley platted for public purposes is intended. The same is true in speaking of such an alley, for, if not qualified by the term "private," the alley is conventionally understood, in its relation to plats in cities and towns, to mean the narrow way in common use for the convenience of owners of lots abutting thereon, and those dealing with them. *Bailey v. Culver,* 12 Mo. App. 183. See 2 Am. & Eng. Ency. of Law (2d Ed.), 149. The instruction was correct.

III. The fifth instruction was rightly refused. *Jamison v. Jamison,* 113 Iowa, 720. The question as to whether decedent was charged with notice of the plat was disposed of in *White v. Smith,* 54 Iowa, 233. Whether the

cause of action based on deceit alleged might be maintained by plaintiffs was not raised in argument.

Because of the erroneous ruling with reference to the measure of damages, the judgment is *reversed*.