(100 South. 831)

MALONE v. JONES et al. (8 Div. 658.)

(Supreme Court of Alabama. June 19, 1924.)

1. Easements ⊜⇒17(3)—Designation of streets as boundaries of property conveyed held to estop grantor from denying their existence.

Where grantor was owner in fee of property embraced within designated streets, and by deed conveyed property, using such streets as boundary lines, and grantees understood such streets were contiguous, grantor *held* estopped to deny existence of such streets, and an easement therein passed by implication of law, though the streets had never been opened, and were not shown on recorded map, in accordance with which sales were claimed to have been made.

2. Easements ⊜⇒30(2)—Mere nonuser of easement in streets will not work an abandonment.

Where grantees acquired an easement in streets designated as boundary lines of property conveyed to them, mere nonuser of such streets did not work an abandonment of their easement therein without an intention to abandon.

3. Easements ⊜⇒36(3)—Grantees' attempted purchase of part of street held not to show an abandonment of easement in other streets.

That grantees undertook to purchase a strip of land which was part of a street did not show an abandonment of their easement in other streets bounding their property, where relation of such street to streets bounding grantees' property was not shown, and grantees were not claiming any easement in such street.

4. Easements ⊜⇒22—Defendant held not an innocent purchaser of property in which plaintiffs claimed an easement.

Defendant was not an innocent purchaser of property in which plaintiffs claimed an easement, where both parties' title was from a common source, and plaintiffs' title was on record.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Bill of T. M. Jones and another for injunction against B. L. Malone to restrain the obstruction of a right of way. From a decree granting preliminary injunction, respondent appeals. Affirmed.

Tennis Tidwell, of Albany, and W. W. Callahan, of Decatur, for appellant.

There must be an intention to dedicate an acceptance. Steele v. Sullivan, 70 Ala. 589;

Attorney General v. Lakeview Land Co., 143 Ala. 291, 39 South. 303. The mere fact that the owner conveyed lands described as being bounded on a road or street is not sufficient to show a dedication. Steele v. Sullivan, 70 Ala. 595; Jones v New Orleans & S. R. Co., 70 Ala. 227; Hoole v. Atty. Gen., 22 Ala. 190; 8 R. C. L. "Dedication," § 20; 18 La. 122, 36 Am. Dec. 624; 238 Ill. 305, 87 N. E. 320, 23 L. R. A. (N. S.) 809; Mobile v. Fowler, 147 Ala. 403, 41 South. 468; Thrasher v. Royster, 187 Ala. 350, 65 South. 796. Where dedication is sought to be shown by a conveyance, it must refer in some way to a map indicating the streets, etc. Mobile v. Chapman, 202 Ala. 194, 79 South. 566; Florence v. Florence L. Co., 204 Ala. 175, 85 South. 516; Moragne v. Gadsden, 170 Ala. 124, 54 South. 518; Green v. Miller, 161 N. C. 24, 76 S E. 505, 44 L. R. A. (N. S.) 231; E. Birmingham Realty Co. v. Birmingham M. & F. Co., 160 Ala. 461, 49 South. 448; Danielson v Sykes, 157 Cal. 686, 109 Pac. 87, 28 L. R. A. (N. S.) 1024; Kain v. N. Y. Co., 125 N Y. 164, 26 N. E. 278, 11 L. R. A. 640; Moose v. Carson, 104 N. C. 431, 10 S. E. 689, 7 L. R. A. 548, 17 Am. St. Rep 681. A private right of way is not created by any form of dedication. Hill v. Wing, 193 Ala. 312, 69 South. 445; 9 R. C. L. §§ 14, 21, 29. Easements may be abandoned by acts in pais. 1 R. C. L. (Abandonment) §§ 7–11; 9 R. C. L. (Easements) §§ 68, 69; W. U. Tel. Co. v. L. & N., 206 Ala. 368, 89 South. 518.

A. J. Harris, of Decatur, for appellees.

A grantor of land, bounding it on a street or way, is estopped to deny there is such a street or way, and it is immaterial that no street or way in fact exists, or that there are other ways of approach. Teasley v. Stanton, 136 Ala. 647, 33 South. 823, 96 Am. St. Rep. 88; Amer. Steel Fdy. v. Sibley Soap Co. (C. C. A.) 270 Fed. 70; Weeks v. N. Y. Co., 207 N. Y. 190, 100 N. E. 719; 7 R. C. L. 1097; Moale v. Baltimore, 5 Md. 314, 61 Am. Dec. 281; Hennessey v. Old Colony, 101 Mass. 540, 100 Am. Dec. 128; Van O'Linda v. Lothrop, 21 Pick. (Mass.) 292, 32 Am. Dec. 261; McKenzie v. Gleason, 184 Mass. 452, 69 N. E. 1076, 100 Am. St. Rep. 571; Burnham v. Mahoney, 222 Mass. 524, 111 N. E. 397; N. E. Structural Co. v. Everett Dist. Co., 189 Mass. 145, 75 N. E. 85, 122 Am. St. Rep. 217. Nonuser will not constitute an abandonment. W. U. Tel. Co. v. L. & N., 202 Ala. 542, 81 South. 44; 14 Cyc. 1187; 19 C. J. 942. Appellant purchased with notice of appellees' deed of record. McMahon v. Williams, 79 Ala. 290; American Co. v. Sibley Co., supra; 19 C. J. 939.

GARDNER, J. The bill in this case was filed by the appellees against the appellant, seeking injunctive relief to restrain the respondent from interfering with the complain-

ants' easement in certain alleged streets in the city of Albany, referred to as Patterson street and Second Avenue West, the latter street being also called Second Avenue West, extended. The original bill, being submitted to the chancellor upon application for temporary injunction, was set down for hearing after due notice given, as prescribed by the statute, and was submitted for consideration upon the bill which was duly sworn to and affidavits offered, resulting in an order granting the temporary injunction, from which the respondent has prosecuted this appeal.

It appears that on October 27, 1916, the corporation known as the Decatur Land Company, being seized and possessed of the following described property situated in the city of Albany, Ala., sold the same to the complainants under the following description:

"Beginning at the northeast corner of the intersection of Patterson street with Second Avenue West (extended); running thence north along the east boundary of Second Avenue West for 68.12 feet to the corporation line of Decatur and New Decatur; thence east along said corporation line for 130.2 feet to the west margin of First Avenue West (extended); thence south along the west margin of said First Avenue West (extended) for 70.05 feet to the north margin of Patterson street; thence west along the north margin of Patterson street for 140.56 feet to the point of beginning, containing $23/100$ of an acre, more or less, all being and lying the southwest quarter of the southeast quarter of section eighteen (18) township five (5) south of range four (4) west."

The title therefor was duly recorded on December 30, 1916. The Decatur Land Company owned a fee in the land bounding the land conveyed and designated as Patterson street and Second Avenue West.

It is further alleged that the Decatur Land Company for a long time prior to said sale had in its possession a map or plat of the city of Albany, which it used in the description of the property sold and conveyed by it, on which Patterson street was designated as Second street North; but its name was subsequently changed by the council of New Decatur, Ala. (now Albany) to Patterson street, and so, subsequently, designated by the Decatur Land Company. In 1915 a map of the city of Albany was drawn by one Collier, which map was in general use in the city of New Decatur, and was in the office of the various real estate agents of Decatur and New Decatur, a copy of which was kept in the office of the Decatur Land Company, which map designated and defined Patterson street and Second Avenue West as streets, and as bounding the property above described, and that complainants understood that these were streets in the city of New Decatur, now Albany, though they had never been opened by the public authorities as such; and

further, that in certain city ordinances certain rights had been granted which appear to recognize the existence of Patterson street and Second Avenue West.

After the purchase of the aforesaid property by complainants, and the recordation of their deed, the Decatur Land Company sold a large tract of land contiguous to the lots sold complainants, which conveyance included Patterson street and Second avenue, where they bound complainants' property, and respondent by mesne conveyance now claims said property, and is cutting away and grading said streets, and preparing to place a high fence across the same, and thus completely cut off complainants' access to their property along Patterson street and Second Avenue West, and is disputing the complainants have any right in said street.

It is without dispute that Patterson street and Second Avenue West, which are alleged to bound complainants' property, have not been opened up as public streets, and consequently have never been used as such. The conveyance by which the complainants obtained title to this lot makes no reference to any map or plat, and, as we read and understand brief of counsel for appellees, it is not insisted that the averments of the bill or the proof contained in the affidavits suffice to show a dedication of Patterson street and Second Avenue West as public streets.

The equity of the bill rests upon the principle found stated by this court in Teasley, Adm'r, v. Stanton, 136 Ala. 641, 33 South. 823, 96 Am. St. Rep. 88, in the following quotation:

" 'When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied covenant of the existence of the way,' and 'the description of the way, in the deed, as a contemplated passageway, shows the agreement of the parties that there should be such a passageway as distinctly as if it had been already laid out; and has the like effect.' "

[1] This is the generally accepted rule. It is a general rule that, where a conveyance of land calls for a street or alley as a boundary, if the grantor has the fee of the land thus referred to, he is estopped as against his grantee to deny that it is a street, and an easement therein passes to the grantee by implication of law. 9 R. C. L. 766; 7 R. C. L. 1097, note; Powers v. Hefferman, 233 Ill. 597, 84 N. E. 661, 16 L. R. A. (N. S.) 523, 122 Am. St. Rep. 216; Hennessey v. Old Colony, etc., R. R. Co., 101 Mass. 540, 100 Am. Dec. 127; Parker v. Smith, 17 Mass. 413, 9 Am. Dec. 157; Am. Steel Foundries v. Soap (C. C. A.) 270 Fed. 70; Tufts v. City of Charlestown, 2 Gray (Mass.) 271; Dill v. Bd. of Education, 47 N. J. Eq. 421, 20 Atl. 739, 10 L. R. A. 276; Talbert v. Mason, 136 Iowa, 373, 113 N. W. 918, 14 L. R. A. (N. S.) 878, 125 Am. St. Rep. 259,

and authorities cited in the note. This latter authority points out the necessity that for the application of the principle contended for the grantor must be the owner of the fee in the land represented as the street or way, and that the street or way be designated as a boundary.

Counsel for appellant do not controvert the general rule, as above stated, but insist that the instant case comes within some of the exceptions to that rule. That the rule has exceptions is of course well recognized. In Talbert v. Mason, supra, it was stated that, if reference to the street or way is merely a part of the description as a starting point or the termination of a line, this will not suffice because not amounting to the assertion or acceptance of the street or way as a boundary; and, indeed, an exception, if it may be so designated, to the rule was recognized in Teasley v. Stanton, supra, where the more particular description by courses or distances in the deed to defendant Stanton disclosed that the description of his lot as bounded on the "reserve" was false, and, being false, no implied covenant could arise therefrom.

None of these exceptions have application to the instant case. In the deed here under consideration the grantor described the lot as running north along the east boundary of Second Avenue West, and west along the north margin of Patterson street, by which language the implication unavoidably arises that Second Avenue West is an avenue with an east and west boundary, and that Patterson street is a street with a north and south margin.

Complainants' grantor was the owner in fee of the property embraced within these designated streets, and in the deed conveying the property to the complainants these streets are used as boundary lines. Very clearly there is nothing in the deed itself which would tend to take complainants' case from without the general rule.

But it is insisted, further, that the general rule has no application, for the reason that these streets had never been opened up and put into use, and that the property here involved was not sold to the complainants under the map or plat which was of record in the probate office, which map did not disclose these streets. It has been held, as previously shown, that language in a deed similar to that here in question is not merely a description but an implied covenant that there is such a street. In the Hennessey Case, supra, the Massachusetts court, quoting from an earlier authority, said it is now established that—

" 'The whole extent of the doctrine is that a grantor of land, describing the same by a boundary on a street or way, if he be the owner of such adjacent land, is estopped from setting up any claim, or doing any acts, inconsistent with the grantee's use of the street or way.' * * * In one sense the deed operates as a conveyance of a right of way over the street; that is to say, the grantors and all claiming under them are estopped to deny the existence of the street, or do any act inconsistent with the plaintiff's use of it as such."

It was further held, however, in that case that the description of a street as a boundary was not understood to be an assumption or an implied covenant that it had been put in condition for present use as a passage way.

We are of the opinion that the estoppel arising from the implied covenant in the deed and upon which the principle here invoked rests indicates that the actual use of the street at the time was not necessary for the application of the principle. It clearly appears that complainants' grantor for a long time prior to said sale to complainants had in its possession a map or plat of the city, which indicated these streets as abutting the property purchased by complainants. This map appears to be referred to as the Gall map, and there was another map known as the Collier map which also showed these streets as designated thereon, and the affidavit of Mr. Troup, who was secretary and general manager of the Decatur Land Company from February, 1906, to January, 1917, discloses that these maps were used by the company in showing the location of their property when offering it for sale, but he insists all sales were made in accordance with the maps which were already on file in the probate office.

These complainants purchased with the understanding that these streets were contiguous to the property conveyed to them, and we are unable to find anything in reference to these maps and the evidence with respect thereto which would tend to take the case from without the general rule first herein announced. Prima facie, therefore, the complainants have presented a case showing interference with their easement rights over these streets, and presented a case for injunctive relief.

[2] The complainants purchased in 1916 and respondent in 1924. No question of a loss of these rights by adverse possession is presented, but it is insisted that complainants have lost the easement by abandonment. Reduced to its last analysis, however, this contention rests merely upon a nonuser of the property. In Western Union Tel. Co. v. L. & N. R. Co., 202 Ala. 542, 81 South. 44, speaking to this question, the court said:

"Mere nonuser of a right of way or other easement, acquired by grant or condemnation, however long continued, will not of itself work an abandonment and forfeiture of the right. Such nonuser must be accompanied by an intention to abandon, and this intention must be clearly deducible from the declarations or conduct of the claimant, or from the facts and circumstances incidental to his nonuser."

[3] It is further urged that the complainant Jones intended an abandonment, in that he undertook to negotiate with the respondent for the purchase of a strip of land which is now contended to be a part of Kearns street. However, it does not appear what relation Kearns street has to Patterson street and Second Avenue West, nor does it seem to be contended by complainants that they possessed any easement in Kearns street, and we are unable to see that this contention adds any strength to the abandonment theory. The argument is further advanced that the respondent was an innocent purchaser and entitled to be protected as such, citing Green v. Miller, 161 N. C. 24, 76 S. E. 505, 44 L. R. A. (N. S.) 231.

[4] The complainants and respondent purchased from a common source, and complainants' title was on record. No answer has been filed setting up the defense of bona fide purchaser, but respondent's affidavits in this respect have been carefully examined. He evidently knew of complainants' purchase of this lot, and we find no denial that he did not know of the sale of this lot to the complainants with reference to these streets, or that these complainants were claiming an easement therein.

We have read many authorities touching upon the questions here involved, but a review of them would extend this opinion to undue length, and serve no useful purpose. Indeed, on principle, our own authority of Teasley v. Stanton, supra, seems to be decisive of plaintiffs' prima facie right to an easement in these streets, and we are of the opinion the difference in the facts in the two cases is not sufficient to distinguish that case from this in principle.

We are of the opinion the chancellor correctly ruled in granting the temporary injunction, and his decree to that effect will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.