CRUTE *v.* HYATT.

4-9774                                          249 S. W. 2d 116

Opinion delivered April 28, 1952.

Rehearing denied June 16, 1952.

*James A. Ross* and *Randall L. Williams,* for appellant.

*Paul Johnson,* for appellee.

ROBINSON, J. The appellant, Hulbert Crute, filed suit in Chancery Court asking for a mandatory injunction requiring appellee, Mrs. Marguerite Duke Hyatt, to remove barricades she had placed across property appellant claims is a public alley, and which appellee contends is private property. E. B. Bickley, Byron P. Howlett, and Mrs. H. P. Crute intervened alleging that they owned or were interested in property adjacent to the alleged alley, and adopted plaintiff's complaint in respect to the strip of ground in controversy being a public alley.

The Chancellor dismissed the complaint and interventions for the want of equity, from which decree comes this appeal.

Some time prior to the year 1900, Charles Tolbert Duke, father of appellee, Mrs. Hyatt, acquired lots 1 and 2, block 160, Monticello, Arkansas. Block 160 measures approximately 1,000 feet north and south by 900 feet east and west. Lots 1 and 2 constitute the north half of the block. The block is bordered on the north by Jefferson Street, on the east by Slemons Street, Oaklawn Street to the south, and Hyatt Street to the west. The official plat shows no alley running through the block.

Duke built his home on this property and, also, two servants' houses on the south portion of his lots. He owned a large amount of land and it was his practice to build his fences several feet inside his line so there would be no difficulty with a neighbor about a partnership fence. He carried out this practice on his lots in block 160 by building his fence several feet north of his south boundary line. Gates were placed in this south fence, and the servants and people going to and from the servants' houses would enter and leave through these gates, using the strip of ground, belonging to Duke, left outside this fence to reach either Hyatt Street on the west from one servant house, or Slemons Street on the east from the other servant house.

In the year 1939, the appellant Crute acquired a part of the south half of Block 160 and, about 1942, built two "shotgun" tenant houses near the north line facing the Hyatt property. People going to and from these tenant houses used a route leading from Slemons Street on the east, or Hyatt Street on the west at or near the center of the block. Appellant claims that a portion of the strip of ground which has been used to reach his tenant houses is a part of lots 1 and 2 belonging to Mrs. Hyatt and that such passageway has become a public alley by dedication or prescription. Mrs. Hyatt claims that the strip of ground in question has never been used by the public nor has it been used by people going to and from Crute's tenant houses; that the strip of ground

used by Crute's tenants is south of any part of lots 1 and 2 belonging to Mrs. Hyatt.

The evidence is in hopeless conflict as to the extent the ground in controversy has been used by the public as an alley. There is no evidence that the strip of ground was ever specifically dedicated to the public by the owner thereof, and the finding of the Chancellor that the ground has not become a public passageway is not contrary to a preponderance of the evidence. In fact, a preponderance of the evidence shows that the strip of ground has never been used to travel from Hyatt Street on the west to Slemons Street on the east to any appreciable extent; that it was grown up with brush and crossed by a gulley, which made it impossible to use except by one on horseback or on foot.

In 1949, at the request of one of the adjacent property owners, the City attempted to grade the strip, but Mrs. Hyatt promptly put a stop to it. Practically the only use that has ever been made of the strip of ground has been that of people going to and from the servants' houses located on Mrs. Hyatt's property. In order for the property to have become a public alley, there would have to be a use of it adverse to the owner for a time sufficient to acquire title by adverse possession. The Chancellor's finding that such adverse use had not been exercised is not contrary to the preponderance of the evidence.

However, there is another question in the case. The appellee deeded to the intervener Bickley and his wife the portion of block 160 described as follows:

"A parcel of land in Block 160 of the City of Monticello, Arkansas, bounded by a line beginning on the western boundary line of said Block 160 at a point 380 feet south of the northwest corner thereof, thence from this beginning point running south along the western boundary line of said Block 160 a distance of 93 feet to the north boundary line of a street or alley there found, thence running east parallel with the north boundary line of said Block 160 a distance of 150 feet, thence north parallel with the western boundary line of said Block 160

a distance of 93 feet, thence west parallel with the north boundary line of said block a distance of 150 feet to point of beginning.''

The strip of land designated in the deed as a street or alley was the private property of Mrs. Hyatt. It had not become a public thoroughfare either by dedication or prescription. Therefore, the question that follows is the effect of the language in the deed ''to the north boundary line of a street or alley.'' By this description Bickley was led to believe that the lot, 93 feet on Hyatt Street and 150 feet deep, was bordered on the south by a street or alley. Mrs. Hyatt is bound by the language of the deed since she owns the strip in question.

In 17 Am. Jur. 957, it is stated: ''As a general rule, where a conveyance of land calls for a way or street as a boundary and the grantor owns the fee in the land represented as the way or street, he is estopped, as against the grantee, to deny that it is a way or street; and an easement therein passes to the grantee by implication of law.''

In 28 C. J. S. 705, it is said: ''Where a grantor conveys land by a deed describing it as bounded by a road, street, or alley, the fee of which is vested in the grantor, the grantee acquires a right of way over the road, street, or alley. This rule has been held to apply whether or not the road is in existence, . . . The right of the grantee, as against the grantor to an easement is not one of dedication, but of private right, depending on the construction of the deed. The easement thus created is independent of the public right and survives the extinguishment of the public easement.''

In *Tolbert* v. *Mason*, 136 Ia. 373, 113 N. W. 918, 14 L. R. A., N. S. 878, it is said: ''When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but an implied convenant of the existence of the way. This statement of the rule is fully confirmed by authority.''

In *McGee* v. *Swearengen*, 194 Ark. 735, 109 S. W. 2d 444, the court quotes with approval from C. J., vol.

9, p. 199, as follows: "Where a conveyance of land bounded by a street or highway makes use of the expression 'bounded by', 'on', 'upon', or 'along' such street or highway, it is very generally held to indicate an intention to convey to the center thereof." See, also, *Matthews* v. *Bloodworth,* 111 Ark. 545, 165 S. W. 263; *Dickinson* v. *Ark. City Improvement Co.,* 77 Ark. 570, 92 S. W. 21.

Our conclusion is that the Chancellor is correct in holding that no part of the south portion of lots 1 and 2 had become a street or alley by dedication or prescription. However, the deed from Mrs. Hyatt to Bickley carried with it the fee to that portion of lot 2, block 160, south of and adjoining the lot conveyed to Bickley, subject to a private easement as an alley or street in favor of Mrs. Hyatt as owner of lot 2, block 160.

Reversed with directions to enter a decree not inconsistent with this opinion.

WARD, J., dissents on the ground that the chancellor correctly decided the barriers should not be removed, which was the only issue involved.