CRAWLEY, Judge.
In February 1999, Ronnie Musgrove sued Charles Cure, alleging that Cure had erected a barricade along Diana Lane, the only convenient means of ingress to and egress from his property. Musgrove requested that the trial court declare Diana Lane to be an easement for ingress to and egress from his property; that it enjoin Cure from barricading Diana Lane; and that it award him compensatory and punitive damages based on Cure’s trespass as to his easement rights. Following the presentation of ore tenus evidence, the trial court ruled that Musgrove had an easement for ingress and egress over Diana Lane and ordered that Cure remove all barricades that prevent Musgrove’s use of Diana Lane for ingress to and egress from his property.
Cure appealed to the Alabama Supreme Court, which transferred the case to this *347 court pursuant to Ala.Code 1975, § 12-2-7(6). He argues that the trial court erred by finding that Musgrove had an easement over Diana Lane and ordering Cure to remove the barricades.
Musgrove and Cure own lots in the Morgan Acres, Unit II, Subdivision in Mobile County. The platted subdivision is recorded in map book 53, page 75, of the probate records of Mobile County. The plat states that “Diana Lane is a nonexclusive easement for ingress, egress, drainage, and utilities maintained by the owners of lots 1-9 and lots 11-17, and not maintained by the County of Mobile, Alabama.” Cure owns property on each side of Diana Lane. He erected across Diana Lane a barricade that prevents Musgrove from using Diana Lane for ingress to and egress from his property. Musgrove has used Eric Lane, which he accesses through his father-in-law’s adjacent property, to then access his property.
Cure first argues that the trial court erred by finding that there was an easement across his property on Diana Lane. He apparently argues that Diana Lane has been vacated as a private road. We disagree. Ala.Code 1975, § 35-2-54, requires that “the owners of the land abutting the street or alley (or that portion of the street or alley desired to be vacated), or their executors, administrators or guardian, [join] in a written instrument declaring the same to be vacated,” in order to vacate a platted road. That requirement has not been satisfied in this case.
In McPhillips v. Brodbeck, 289 Ala. 148, 153, 266 So.2d 592, 596 (1972), the supreme court stated that, “the vacating of dedicated streets is not lightly to be viewed when it deprives others, especially abutting land owners of their use.” The court did not allow the vacation of the street in McPhillips because to do so would deprive the property owner of his only convenient access between his property and Mobile Bay. The street in McPhillips was designated on the subdivision plat, just as Diana Lane is designated on the subdivision plat. The court further held:
“Where one acquires a lot in a platted subdivision abutting on a street designated in the plat, he thereby acquires an easement of access to and from his lot over any of the public ways shown on the plat. This right is an incorporeal hereditament appurtenant to the lot in question, and is entitled to protection equally with [the] corporeal estate if its use is materially threatened.”
289 Ala. at 156, 266 So.2d at 599.
We conclude that the holdings in McPhillips apply to this case. As stated above, Diana Lane is a dedicated private road on the recorded subdivision plat, and the plat states that Diana Lane is an easement for ingress to and egress from the adjacent lots. We hold that Musgrove has an easement over Diana Lane to access his property.
Cure cites England v. Arrington, 647 So.2d 736 (Ala.Civ.App.1993), for the proposition that the mere existence of a road abutting one’s property does not imply an easement over that road for ingress to and egress from one’s property. The trial court properly concluded that England was not relevant to this case because the road in England was not a designated road on a recorded subdivision plat, as Diana Lane is.
Therefore, the trial court properly ordered Cure to remove the barricades he had placed across Diana Lane that prevent Musgrove from accessing his property.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J„ concur in the result.